[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
The plaintiff, Budney Company, Inc., a Connecticut corporation with its principal place of business in Berlin, Connecticut, manufactures custom aircraft tooling and parts. The defendant, Manufacturers Support Services Corporation (MSSC) is a Delaware corporation with its principal place of business in Clearwater, Florida. During 1990 and 1991, the plaintiff completed twenty-seven separate orders for the defendant. In January 1991, the president of the defendant corporation visited the plaintiff in Berlin, Connecticut to discuss business matters. In February 1992, the defendant again contacted the plaintiff for the purpose of having the plaintiff complete additional orders and MSSC shipped to Budney several parts which the plaintiff was to work on in compliance with the orders. The plaintiff completed all the work at its principal place of business in Berlin, Connecticut. The defendant has failed to pay for said work which the plaintiff alleges is worth $20,121.75.
 II. A.
The defendant moves to dismiss this action alleging that Connecticut courts have no jurisdiction since it has no Connecticut offices, places of business, telephone listings, agents or employees and does not advertise or conduct sales in Connecticut. The defendant claims that these factors result in a failure of Connecticut to obtain jurisdiction through its long-arm statute, General Statutes 33-411, and that the constitutional requirement of minimum contacts with the forum state has not been met.
Connecticut General Statutes 33-411(c)(1) provides in pertinent part:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause CT Page 11328 of action arising as follows: (1) Out of any contract made in this state or to be performed in this state.
The defendant has conceded that the plaintiff performed work in Connecticut for the defendant pursuant to an agreement. In Combustion Engineering Inc. v. NEI International Combustion, Ltd., 798 F. Sup. 100, 104 (D. Conn. 1991), the court noted "[W]here a contract clearly contemplated and required performance in Connecticut by the plaintiff alone, 411(c)(1) subjected the defendant to suit." "The language of 33-411(c)(1) does not expressly require contemplated performance in this state by the party over whom jurisdiction is sought . . . There is no indication . . . that the Connecticut legislature intended that the language `to be performed in this state' should be given a limited construction to require performance in this state by the party over whom jurisdiction is sought. It would not be appropriate, therefore, for this court to impose such a limitation on the statute." Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Sup. 725, 731-32 (D. Conn. 1979). Since the contract in the instant case was performed in Connecticut, the defendant is subject to suit in Connecticut under the long-arm statute. Id., Bowman, 474 F. Supp. at 731-32; Conn. Gen. Stat. 33-411(c)(1).
 B.
It must also be determined whether the foreign corporation had sufficient minimum contacts with the state to satisfy constitutional due process. International Shoe Co. v. Washington,326 U.S. 310, 316 (1945). "The contacts must be of a nature where `the traditional notions of fair play and substantial justice' are not offended by requiring a party to defend his case in the forum state." In Re Connecticut Asbestos Litigation, 677 F. Sup. 70, 73 (D. Conn. 1986) quoting International Shoe v. Washington, supra, 316. "The defendant's conduct and connection with the forum state [must be] such that [it] should reasonably anticipate being hauled into court there." Hill v. W. R. Grace Co., 42 Conn. Sup. 25, 33 (1991) quoting World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 297
(1980). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. United States Trust Co. v. Bohart, 197 Conn. 34, 41 (1985). "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis." Id. at 42. CT Page 11329
During 1990 and 1991, the plaintiff, completed twenty-seven separate orders for the defendant. In January 1991, the president of the defendant corporation visited the plaintiff in Berlin, Connecticut to discuss matters concerning work performance. In February 1992, the defendant again contacted the plaintiff for additional work which the plaintiff performed at its plant in Berlin, Connecticut. Under these circumstances, "the traditional notions of fair play and substantial justice" are not offended by requiring the defendant to defend itself in Connecticut. See international Shoe Co., supra, 316. Similarly, the defendant's contacts with Connecticut were such that it should have reasonably anticipated being hauled into court in this state. See World-Wide Volkswagen Co., supra, 297. Thus, the defendant had minimum contacts with Connecticut sufficient for this state to obtain jurisdiction in this matter.
Accordingly, the motion to dismiss is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT